UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

ORRIN S. ANDERSON,

                Debtor.

No. 15-cv-4227 (NSR)

OPINION & ORDER

CREDIT ONE FINANCIAL,

                Appellant,

  -against-

ORRIN S. ANDERSON, A/K/A ORINN
ANDERSON, A/K/A ORINN SCOTT ANDERSON

                Appellee, on behalf of
                himself and all others
                similarly situated.

NELSON S. ROMÁN, United States District Judge

      Credit One ("Defendant") submits the current motion seeking leave to appeal the United

States Bankruptcy Court for the Southern District of New York's (the "Bankruptcy Court") order

of May 14, 2015 (the "May Order") (ECF No. 3, Exhibit A), denying Defendant's motion to

strike class allegations and motion to dismiss for lack of subject matter jurisdiction. In the May

Order, the Bankruptcy Court additionally denied Credit One's motion to compel arbitration, and

Credit One has appealed that decision as of right. For the reasons set forth below, the motion for

leave to appeal the additional issues is DENIED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/2016

**BACKGROUND**

Plaintiff Orrin Anderson ("Plaintiff") incurred a debt with Defendant Credit One by opening a credit card account in 2002. In 2011, Plaintiff defaulted on the account, and the account was closed in December 2011. Plaintiff filed a voluntary bankruptcy with the Bankruptcy Court on January 31, 2014. As a result of the bankruptcy proceedings, Mr. Anderson received a discharge of consumer debt, including the Credit One account. Despite the discharge, the debt remained on Mr. Anderson's credit report as "charged off" (i.e., not discharged in bankruptcy). Plaintiff subsequently contacted Defendant to notify it that the debt had been discharged in bankruptcy and to request that Defendant update his credit report. According to Plaintiff, Defendant took no action and Plaintiff's credit report continues to show the debt as charged off rather than discharged in bankruptcy.

On October 17, 2014, Plaintiff moved to reopen the bankruptcy proceeding and after a hearing, the Bankruptcy Court reopened the case to "permit the Debtor to commence and pursue an adversary proceeding... against Credit One Bank with respect to alleged violations of the Debtor's discharge injunction." (Bank. Doc. 14-22147-rdd, ECF No. 26.) Thereafter, Plaintiff filed an Amended Class Action Complaint (the "Class Action Complaint"), seeking to represent a class of persons having credit reports with remaining entries for discharged debts. In the Class Action Complaint, Plaintiff asserts a cause of action pursuant to 11 U.S.C. § 524 ("§ 524") and 11 U.S.C. § 105 ("§ 105"). Under § 524, a discharge in a bankruptcy action acts as an injunction against all efforts to collect a discharged debt. 11 U.S.C. § 524. Section 105(a) of the Bankruptcy Code empowers a bankruptcy court with authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

On March 3, 2015, Credit One filed a combined motion to compel arbitration, motion to strike class allegations, and motion to dismiss for lack of subject matter jurisdiction. The Bankruptcy Court held a hearing on May 5, 2015 (the "May Hearing") and denied Defendant's motions. Credit One appealed, as of right, the denial to compel arbitration. Credit One additionally seeks leave to appeal the denials to strike class allegations and dismiss for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

### A.  *Pendent Appellate Jurisdiction*

Under the doctrine of pendent appellate jurisdiction, a court may, in its discretion, consider nonappealable issues in a case once it has taken jurisdiction over a related issue. *See San Filippo v. U.S. Trust Co. of N.Y.,* 737 F.2d 246, 255 (2d Cir. 1984) ("[U]nder the doctrine of pendent appellate jurisdiction, once we have taken jurisdiction over one issue in a case, we may, in our discretion, consider other nonappealable issues in the case as well...."). The Supreme Court has cautioned, however, that "a rule loosely allowing pendent appellate jurisdiction would encourage parties to parlay [appealable] collateral orders into multi-issue interlocutory appeal tickets." *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 49 (1995). Therefore, a careful exercise of discretion is required in granting pendent jurisdiction.

The Second Circuit has held that an exercise of pendent appellate jurisdiction is appropriate only "over an independent but related question that is 'inextricably intertwined' with the [appealable issue] or is 'necessary to ensure meaningful review' of that issue." *Kaluczky v. City of White Plains,* 57 F.3d 202, 207 (2d Cir. 1995) (quoting *Swint*, 514 U.S. at 51). A question is "inextricably intertwined" where there is "sufficient overlap in the factors relevant to the appealable and nonappealable issues to warrant our exercising plenary authority over the appeal." *Kaluczky*, 57 F.3d at 207 (internal citation omitted). In other words, "issues usually will

not be considered inextricably intertwined where review of the unappealable issue is 'not necessary for review of' the issue over which we have appellate jurisdiction.'" *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 372 (2d Cir. 2004) (citing *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 759 (2d Cir. 1998)). *See also Swint*, 514 U.S. at 50–51 (suggesting courts may exercise pendent jurisdiction where an issue is "inextricably intertwined" with an issue over which the court properly has appellate jurisdiction, or where review of a jurisdictionally insufficient issue is "necessary to ensure meaningful review" of a jurisdictionally sufficient one); *Davidson v. Chestnut,* 193 F.3d 144, 151 (2d Cir. 1999) (refusing to assert jurisdiction over plaintiff's cross-appeal where "[n]one of [the cross-appealed] issues overlaps with" the issues on direct appeal). Therefore, where a court can consider and decide the appealable issue without addressing or considering the nonappealable issue(s), an exercise of pendent appellate jurisdiction is not warranted. *Rein,* 162 F.3d at 759 (finding, *inter alia,* issues of subject matter jurisdiction and personal jurisdiction not inextricably intertwined where court can resolve the former "without at all considering" the latter).

B.  *Interlocutory Appeal*

Under 28 U.S.C. § 158(a)(3), "with leave of the court," district courts have jurisdiction to hear appeals from "interlocutory orders and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(3). To determine whether leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b). *See In re Kassover*, 343 F.3d 91 (2d Cir. 2003); *In re Enron Corp.*, No. 01–16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006). A court may certify for interlocutory appeal an order that involves (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).  The moving party has the burden of establishing all three elements. *See Casey v.*

4

*Long Island R.R.,* 406 F.3d 142, 146 (2d Cir. 2005).  The conditions create a significant hurdle to § 1292(b) certification, "since 'the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (citing *Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir. 1959)). Even when the statutory criteria are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd*., No. 06–CV–15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc*., 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the authority to deny certification, even where the three statutory criteria are met, is "independent" and "unreviewable") (internal citation omitted)).

Moreover, interlocutory appeals are strongly disfavored in federal practice. *In re Ambac Fin. Grp., Inc. Sec. Litig.,* 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Movants cannot invoke the appellate process "as a vehicle to provide early review of difficult rulings in hard cases." *In re Levine,* No. 94–44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (internal citations omitted).

For these reasons, and because a basic tenet of federal law is to delay appellate review until a final judgment, § 1292(b) certification should be "rare."  *Koehler v. Bank of Bermuda Ltd*., 101 F.3d 863, 865 (2d Cir. 1996).  Certification should be reserved for "exceptional" cases, for example, where an immediate appeal would avoid protracted litigation*. Id.* at 865-66. *See also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014) *(*quoting *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (Sotomayor, J.) ("[O]nly

exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

## DISCUSSION

Credit One has appealed as of right the Bankruptcy Court's decision denying Credit One's motion to compel arbitration. In refusing to compel arbitration, the Bankruptcy Court decided that the case necessarily raised core issues under the Bankruptcy Code and forcing those issues to be arbitrated inherently conflicts with the Bankruptcy Code. Those decisions are before this Court as of right on appeal.

On this motion, Credit One additionally asks the Court to examine the following issues (the "Proposed Issues"):

1. Whether the class action waiver contained within the parties' agreement disallows the class allegations herein;

2. Whether the Bankruptcy Court has subject matter jurisdiction to entertain a putative nationwide class action over non-core claims for alleged violations of the discharge orders of other bankruptcy courts; and

3. Whether the Bankruptcy Court has subject matter jurisdiction to award declaratory or injunctive relief or punitive damages for an alleged violation of the discharge injunction.

In order to hear these issues, the Court must either exercise pendent appellate jurisdiction or grant interlocutory appeal.

### A. Pendent Appellate Jurisdiction

The Court may properly exercise pendent appellate jurisdiction over the Proposed Issues above if they are "inextricably intertwined" with the issue of whether the Bankruptcy Court should have compelled arbitration. In deciding whether to compel arbitration—the issue before

6

this Court as of right—"a court must consider (1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Secs. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). In the instant case, where the claims arise under a federal statute, "the Court must also determine whether Congress intended such federal statutory claims to be arbitrated, and whether arbitration would prevent the effective vindication of the federal statutory right." *In re Belton*, No. 15 CV 1934 VB, 2015 WL 6163083, at *3 (S.D.N.Y. Oct. 14, 2015) *motion to certify appeal denied*, No. 15 CV 1934 (VB), 2016 WL 164620 (S.D.N.Y. Jan. 12, 2016) (citing *Am. Express Co. v. Italian Colors Rest.*, 133 S.Ct. 2304, 2309–10 (2013) (internal quotation marks omitted)). If this analysis would require the Court to examine any of the other three Proposed Issues in order "to ensure meaningful review" of arbitrability, the Court may—in its discretion—exercise pendent appellate jurisdiction.

      *1.  Class Action Waiver*

      Credit One contends that the denial of the motion to strike class allegations is inextricably intertwined with the denial of the motion to compel arbitration because both issues require the Court to examine "the validity, enforceability and effect of the parties' agreement to arbitrate," and the arbitration clause and class action waiver clause should be "construed together as promoting the aims of arbitration." (Credit One Bank, N.A.'s Motion for Leave to Appeal, ECF No. 3, at 6.) Credit One, however, misinterprets the standard of pendent appellate review. Though both questions may require the Court to examine the parties' agreement to arbitrate, the Court can fully assess the validity and applicability of the arbitration agreement—according to the standard outlined above—without ever reaching the issue of the class action waiver. The main inquiry, as evidenced by the May Order and May Hearing, will not focus on the agreement

itself but rather requires this Court to determine whether Congress intended to preclude arbitration of § 524 claims. (Hearing Transcript, ECF No. 3, Exhibit B, at 49-51.) *See also In re Belton,* 2015 WL 6163083, at *4. This federal preclusion inquiry is not at all dependent on the enforceability of the class action waiver in the arbitration agreement. Therefore, review of the "consolidation or joinder of parties" clause is not "necessary to ensure meaningful review" of arbitrability, and the Court will not grant pendent jurisdiction over the issue of a class action waiver.

### 2. *Nationwide Class Action*

Determining whether the Bankruptcy Court has subject matter jurisdiction to hear a nationwide class action would require the Court to analyze a number of factors. In federal court, 28 U.S.C. Section 1334(b) is the source of bankruptcy jurisdiction generally, granting it to the district courts and then, by the General Order of Reference, referring it pursuant to 28 U.S.C. Section 157(a)-(b) to the bankruptcy judges. Section 157(b)(1) provides that bankruptcy judges "may hear and determine ... all *core* proceedings arising under title 11." *See In re Haynes*, No. 11-23212 (RDD), 2014 WL 3608891, at *7 (Bankr. S.D.N.Y. July 22, 2014). Therefore, in deciding whether subject matter jurisdiction exists, the Court would have to examine whether or not the case presents a core bankruptcy issue, which does overlap with the analysis of arbitrability inasmuch as the Court will likely inquire into the nature of the issues (core or noncore) in deciding whether or not Congress intended such federal statutory claims to be arbitrated. This common thread, however, is where the overlap ends. The nationwide class action inquiry would also require the Court to examine (1) cases holding that "only the court issuing an injunction should have the power to enforce that injunction," (2) whether a private right of action is created under § 524 through the court's general contempt power and the power granted in §

105 of the Bankruptcy Code, and (3) the differences, if any, between the All Writs Act and §

105(a). *Id.* In light of these additional, distinct inquiries, it cannot be said that there is "sufficient

overlap in the factors relevant to" the issue of arbitrability and the issue of subject matter

jurisdiction to entertain a nationwide class action lawsuit. *Kaluczky*, 57 F.3d at 207.  Therefore,

the Court will not grant pendent supplemental jurisdiction over the nationwide class action issue.

### 3.  Injunctive Relief or Punitive Damages

Finally, whether the Bankruptcy Court has subject matter jurisdiction to award injunctive

relief or punitive damages is wholly unrelated to arbitrability. In its brief, Credit One has not

provided any argument as to how these two issues may be intertwined. The Court fails to see

how an examination of the types of relief a bankruptcy court can offer is at all similar to

congressional intent regarding preclusion of arbitration. In any event, during the May Hearing,

the Bankruptcy Court declined to decide whether punitive damages are appropriate under the

civil and criminal contempt power of the court, making the issue unripe for appeal.

        \*              \*              \*

For the foregoing reasons, the Court will not exercise pendent appellate jurisdiction over the

proposed issues.

### B.  Interlocutory Appeal

As noted above, the Court may certify for interlocutory appeal an issue that involves (1) a

controlling question of law (2) as to which there is a substantial ground for difference of opinion

and (3) that an immediate appeal from which may materially advance the ultimate termination of

the litigation. 28 U.S.C. § 1292(b). However, interlocutory appeals are strongly disfavored in

federal practice and should only be granted rarely. *In re Ambac Fin. Grp., Inc. Sec. Litig.,* 693 F.

Supp. 2d at 282; *Koehler*, 101 F.3d at 865.

1.   *Class Action Waiver*

Credit One urges the Court to certify for appeal the question of whether the waiver contained in the arbitration provision of the cardholder agreement is enforceable as a class action waiver in federal court. The waiver reads, "[n]otwithstanding anything else that may be in this arbitration provision or Agreement, no class action, private attorney general action or other representative action may be pursued in arbitration, nor may such action be pursued in court if any party has elected arbitration." (Bank. Doc. 15-8214A, ECF No. 7, at 9.) If the Court were to certify this issue for appeal, the Court would be called upon to address the interpretation and enforceability of this provision. This would require an examination of the entire arbitration agreement and potentially any evidence of the parties' intent. Such an examination is not appropriate for certification under § 1292(b), as it is not a "pure question[] of law" that the reviewing court could decide without knowledge of the record. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) ("Questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b).") (internal citations and quotation marks omitted); *Power Travel Int'l, Inc. v. Am. Airlines, Inc.*, No. 02 Civ. 7434, 2005 WL 1176072, at *10 (S.D.N.Y. May 19, 2005) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) ("In regard to the first prong [of the 1292(b) analysis], the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'")). Granting leave to appeal this issue would create protracted litigation rather than ensure efficient adjudication of the dispute. The Court therefore denies leave to appeal the Bankruptcy Court's denial of the motion to strike class allegations.

2.   *Nationwide Class Action/Injunctive Relief or Punitive Damages*

The remaining issues in Credit One's motion—the question of subject matter jurisdiction to entertain a nationwide, putative class action and to award injunctive and/or punitive relief—present the Court with three questions it would have to decide on appeal: (1) whether a private right of action exists, or is even necessary, under § 524 for violations of a discharge injunction; (2) whether bankruptcy courts can enforce discharge orders entered by other bankruptcy courts; and (3) whether the bankruptcy court can award punitive and/or injunctive relief.

With regards to question (3), it is clear that the Bankruptcy Court has not ruled on the issue and has reserved judgment until further briefing and relevant facts are presented. (Hearing Transcript, ECF No. 3, Exhibit B, at 64.) Therefore, the issue is not ripe for appeal, and the Court will not grant interlocutory appeal as to the damages question. Even assuming, *arguendo*, that the issue was ripe for appeal, its resolution would not "advance the time for trial or … shorten the time required for trial." Plaintiff is also seeking compensatory damages based on the § 524 claims, so the trial will proceed with the same claims and the same breadth of discovery and motion practice whether or not punitive and/or injunctive relief is permitted. Therefore, the appeal would not materially advance the termination of the litigation. *Transportation Workers Union, Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005).

Questions (1) and (2), on the other hand, involve controlling questions of law that could materially affect the outcome of the litigation. If the Court were to decide that Plaintiff does not have a private right of action under § 524 and cannot, alternatively, seek relief pursuant to § 105, the litigation would terminate. "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if

11

reversal of the district court's order would terminate the action. For example, [the Second Circuit has] granted certification when the order involved issues of … subject matter jurisdiction." *Klinghoffer*, 921 F.2d at 24 (internal citations omitted). Additionally, if the Court were to hold that the Bankruptcy Court does not have jurisdiction to enforce discharge orders of other bankruptcy courts, the scope of the litigation would drastically decrease, and the resolution of what is a large, complex case would become significantly more efficient. *See In re WorldCom, Inc. Sec. Litig.*, No. 02 CIV.3288, 2003 WL 22953644, at *4 (S.D.N.Y. Dec. 16, 2003) (citing *In re Lloyd's American Trust Fund Litig.*, No. 96 Civ. 1262(RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug.12, 1997)) ("[O]ne of the chief concerns of Section 1292 is the efficiency of the federal court system, and efficiency is of particular concern in large complex cases."). The remaining inquiry for the Court, then, is whether these questions present issues over which a substantial ground for difference of opinion exists.

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo*, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013). Mere conjecture that courts would disagree on the issue or that the court was incorrect in its holding is not enough; "[f]or there to be a 'substantial ground for difference of opinion' under the law, 28 U.S.C. § 1292(b), there must be 'substantial doubt' that the district court's order was correct." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-CV-15375KMK, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (quoting *N.F.L. Ins. v. B&B Holdings*, No. 91 Civ. 8580(PKL), 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (in turn quoting S. Rep. No. 85–2434, at 3 (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5257)). The possibility of a different outcome on appeal is not sufficient to show a substantial ground for difference of opinion, nor is

"the mere presence of a disputed issue that is a question of first impression." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

The Court cannot find that substantial conflicting authority exists as to question (1): whether a private right of action exists or is necessary to enforce a § 524 injunction. In support of its argument that a difference of opinion does exist, Credit One contends that courts have consistently held that there is no private right of action for violation of the discharge injunction. (Credit One Bank, N.A.'s Motion for Leave to Appeal, ECF No. 3, at 13.) Credit One cites a number of cases for this assertion. (*Id.*, n. 5.) While these cases generally support the proposition that § 524 does not create a private right of action in itself, the cases additionally acknowledge the right of a bankruptcy court to enforce an existing injunction pursuant to § 105. In other words, though § 524 does not create a private right of action properly pursued through a lawsuit in District Court, the contempt power of the bankruptcy court provides a basis for such proceedings. *See Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir. 2000) (where plaintiffs sought to bring an action in district court for violation of an automatic stay provision, the Court held that "the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one."). For example, in *Barrientos v. Wells Fargo Bank, N.A*, the Ninth Circuit explained that while no private right of action for violation of a § 524 discharge injunction exists, the court "agrees with the Second Circuit that an order of contempt under § 105 to enforce an existing injunction must be sought via motion in the bankruptcy action." *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011). *See also In re Joubert,* 411 F.3d 452, 456 (3d Cir. 2005) (agreeing that a bankruptcy court's contempt power under § 105(a) authorizes it to remedy a § 524 violation); *Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 917 (7th Cir. 2001) (concluding that a contempt action in the bankruptcy

court is the only relief available to remedy alleged § 524 violations); *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439, 444-45 (1st Cir. 2000) (refusing to address whether § 524 implies a right of action, because, in the First Circuit's view, a bankruptcy court's contempt power under § 105(a) offers sufficient remedies).

The Bankruptcy Court is correct, therefore, that the argument "there's no private right of action under 524 is essentially a red herring," because bankruptcy courts can invoke § 105 to enforce a discharge injunction. *See Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 506-07 (9th Cir. 2002*)* (agreeing with the First Circuit that § 105 powers "inherently include the ability to sanction a party" and "bankruptcy court is authorized to invoke § 105 to enforce the discharge injunction *and order damages* for the debtor if appropriate on the merits.") (emphasis added). This is especially so where the Second Circuit has acknowledged that "[w]here … a debtor thinks a creditor is acting in violation of a bankruptcy court's § 524 discharge order, relief is properly sought in the first instance from the bankruptcy court rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." *Yaghobi v. Robinson*, 145 F. App'x 697, 699 (2d Cir. 2005) (internal citations and quotation marks omitted). The Second Circuit in *Yaghobi* explained that the claim is brought pursuant to § 105, and the Court therefore did not need to "reach the question of whether he may assert a private right of action under § 524."[1] *Id. See also Solow v. Kalikow (In re Kalikow),* 602 F.3d 82 (2d Cir. 2010) ("§ 105 does not itself create a private right of action, but a court may invoke § 105(a) if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code. These powers are

---

[1] For the same reason, Credit One's reference to *Garfield v. Ocwen Loan Servicing, LLC,* No. 15-527, 2016 WL 26631, at *3 (2d Cir. Jan. 4, 2016) for the assertion that "the Bankruptcy Code provision concerning the discharge injunction, see 11 U.S.C. § 524(a)(2), does not explicitly create a cause of action for its violation" is unpersuasive. In a footnote, the Court acknowledges that a contempt remedy exists for such violations. *Id.* at n.7.

in addition to whatever inherent contempt powers the court may have and *must include the award of monetary and other forms of relief to the extent such awards are necessary and appropriate* to carry out the provisions of the Bankruptcy Code and provide full remedial relief.") (internal citations and quotation marks omitted) (emphasis added). Therefore, the Bankruptcy Court can hear the action pursuant to § 105 without deciding whether or not a private right of action exists under § 524, and Credit One cannot show "substantial doubt" that the Bankruptcy Court was incorrect regarding the § 105 power.

The only question, then, is whether a substantial grounds for difference of opinion exists as to whether the bankruptcy court may enforce the injunction through an adversary proceeding rather than a contested matter brought via motion. The Court agrees with the Bankruptcy Court that a careful reading of *Kalikow* and § 105 demonstrate that an adversary proceeding is an appropriate vehicle to enforce a discharge injunction.[2] *In re Kalikow*, 602 F.3d 82 (2d Cir. 2010). Though *Kalikow allowed* the parties to proceed via motion rather than an adversary proceeding, the Court did not rule that an adversary proceeding would have been improper or that proceeding via motion is required. *See In re Kalikow*, 602 F.3d at 93 (holding that enforcement of a pre-existing injunction "*permits* the resolution of the motion as a contested matter rather than through an adversary proceeding") (also citing *In re Texaco Inc.,* 182 B.R. 937, 945 (Bankr.

---

[2] *See also Hardy v. Internal Revenue Service (In re Hardy),* 97 F.3d 1384 (11th Cir. 1996) (allowing the adversary proceeding to go forward on remand, and further holding that the bankruptcy court could find the IRS in contempt under § 105 and award sanctions, attorney fees and costs *in an adversary proceeding*); *In re Wynne*, 422 B.R. 763 (Bankr. M.D. Fla. 2010) (where defendant moved to dismiss the adversary proceeding on the basis that there is no private right of action under 11 U.S.C. § 524 for contempt, and that only a motion—rather than an adversary proceeding—was the proper vehicle for seeking redress for alleged violations of the discharge injunction, the court held that as long as the debtor alleged the essential elements of a contempt action based on a willful violation of the discharge injunction, an adversary proceeding was proper); *In re W.*, No. 13-33815, 2015 WL 3962569, at *3 (Bankr. N.D. Ohio June 29, 2015) ("courts routinely hear contempt actions brought as adversary proceedings, notwithstanding the fact that the traditional method of bringing such matters before the court is by motion to show cause") (internal quotation marks and citation omitted).

S.D.N.Y. 1995); *In re WorldCorp, Inc.,* 252 B.R. 890, 895 (Bankr. D. Del. 2000) ("[A]n adversary proceeding *is not necessary* where the relief sought is the enforcement of an order previously obtained.") (emphasis added)). Moreover, § 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, § 105 clearly authorizes bankruptcy courts to issue a "judgment" to enforce their statutory contempt powers—a form of relief that is the result of an adversary proceeding, not the result of a motion.

Thus, the Court cannot find that any substantial ground for dispute exists as to whether Plaintiff has a right of action or can proceed via an adversary proceeding. *See In re Flor,* 79 F.3d 281, 284 (2d Cir. 1996) (internal citations omitted) (emphasis in original) ("It is the duty of the district judge ... to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute.").

Finally, the Court additionally does not find a substantial ground for difference of opinion exists as to whether bankruptcy courts can enforce discharge orders entered by other bankruptcy courts (question (3)). Though Credit One does raise a difference of opinion among courts as to whether enforcement of an injunction is limited to the "issuing court," the difference does not rise to a level of substantiality that creates the exceptional circumstances required to certify for appeal. For its assertion that a bankruptcy court can only enforce its own discharge orders, Credit One largely relies on statements in *dicta* and statements regarding enforcement of injunctions generally.[3] However, the Bankruptcy Court—in the *In re Haynes* opinion—has specifically

---

[3] *See* Credit One Bank, N.A.'s Motion for Leave to Appeal, ECF No. 3, at 18-19: "'Courts have held that actions to enforce the discharge injunction are core proceedings because they call on a bankruptcy court to construe and enforce **its own order**.' *Matter of Nat'l Gypsum Co.,* 118 F.3d 1056, 1063 (5th Cir. 1997) … 'the sole

distinguished many of the cases and principles relied upon by Credit One. *In re Haynes*, 2014 WL 3608891, at \*7-8 (distinguishing *In re Debs*, 158 U.S. 564, 594–95 (1895); *Cox v. Zale Delaware, Inc.*, 239 F.3d, 910, 916–17 (7th Cir. 2001); *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108 (2d Cir. 2006), among others). Credit One only cites one case that stands for the specific proposition they seek to enforce: that "the court that issued the [§ 524] injunctive order alone possesses the power to enforce compliance with and punish contempt of that order." *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012). Given the rarity with which interlocutory appeals should be granted, the Court cannot find that one appellate case— especially in light of *Haynes*—presents such a substantial difference of opinion so as to warrant a departure from cohesive litigation. Therefore, the Court DENIES Credit One's motion to certify all three issues for interlocutory appeal.[4]

## CONCLUSION

For the foregoing reasons, the Court DENIES Credit One's motion for leave to appeal the Bankruptcy Court's order denying its motion to strike class allegations and dismiss for lack of subject matter jurisdiction.

Dated:   February 22, 2016
         White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

adjudication of contempts, and the punishments thereof belonged exclusively, and without interfering, to each respective court.' *In re Debs*, 158 U.S. 564, 594–95 (1895)."

[4] Credit One additionally argues that Plaintiff, in substance but not form, is asserting Fair Credit Reporting Act ("FCRA") claims, and because no private right of action is available to a consumer relating to such claims, Plaintiff should not have a private right of action in the instant case either. This argument is unavailing for a number of reasons, including that (1) Plaintiff is not asserting an FCRA claim, and (2) the Southern District has concluded that "there is no irreconcilable conflict between the Fair Credit Reporting Act and Sections 524(a) and 105(a) of the Bankruptcy Code." *In re Haynes*, 2014 WL 3608891, at \*3.