UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In re:*

ORRIN S. ANDERSON,

        Debtor.

---

CREDIT ONE FINANCIAL,

        Appellant,

-against-

ORRIN S. ANDERSON, A/K/A ORINN
ANDERSON, A/K/A ORINN SCOTT ANDERSON

        Appellee, on behalf of
        himself and all others
        similarly situated.

No. 15-cv-4227 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Credit One submits the current motion seeking leave to appeal this Court's order of February 22, 2016 (the "District Court Order"), denying Credit One's motion for leave to appeal the United States Bankruptcy Court for the Southern District of New York's order (the "Bankruptcy Court Order") on Defendant's motion to strike class allegations and motion to dismiss for lack of subject matter jurisdiction.

    In its prior motion before this Court, Credit One asked the Court to grant leave to appeal the following issues that were decided by the Bankruptcy Court Order: (1) whether the class action waiver contained within the parties' agreement disallows the class allegations; (2) whether the Bankruptcy Court has subject matter jurisdiction to entertain a putative nationwide class

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2016

action over non-core claims for alleged violations of the discharge orders of other bankruptcy courts; and (3) whether the Bankruptcy Court has subject matter jurisdiction to award declaratory or injunctive relief or punitive damages for an alleged violation of the discharge injunction. *See In re Anderson,* 550 B.R. 228, 235 (S.D.N.Y. 2016). In the District Court Order, the Court applied the standard prescribed in 28 U.S.C. § 1292(b) to determine whether each of the three issues presented was proper for an immediate appeal. *Id.* at 234. Under § 1292(b), a court may certify for interlocutory appeal an order that involves (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). This Court determined that issue (1) did not present a pure and controlling question of law and issues (2) and (3) either were not ripe for appeal as they had not yet been decided by the Bankruptcy Court or did not present questions for which there is a substantial ground for difference of opinion. *Id.* at 237-40.

In its current motion, Credit One asks this Court to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) its own order denying leave to appeal the Bankruptcy Court's orders. In essence, Credit one asks this Court to revisit its analysis in the District Court Order. Credit One does not present any new facts, case law, or arguments. Specifically, Credit One does not present any new cases from which the Court could conclude—in contrast to what it previously concluded—that a substantial ground for difference of opinion *now* exists as to issues (2) and (3), or that issue (1) has somehow become a pure question of law.[1] As a result,

---

[1] In its motion papers, Credit One contends that, on the issue of subject matter jurisdiction—issues (2) and (3)—a substantial ground for difference of opinion exists. This argument was previously made and the issue was decided in the District Court Order. Credit One contends that "there is no question that this Court's decision on the nature of the Bankruptcy Court's core jurisdiction to entertain this action, directly conflicts with *In re Belton*, No. 15 CV 1934 VB, 2015 WL 6163083 (S.D.N.Y. Oct. 14, 2015)." (Memorandum in Support of Motion to Certify Order for Interlocutory Appeal, ECF No. 46, at 6.) However, *In re Belton* deals with the arbitrability of § 524 claims, an issue that Credit One appeals as of right and is therefore not a subject of the current motion.

"[c]ertification clearly must be denied because the same standard is applied to determining leave for interlocutory appeal of both the Bankruptcy Court's and this court's orders and precisely the same issues are involved." *In re Johns-Manville Corp.*, 39 B.R. 998, 999 (S.D.N.Y. 1984).

Moreover, even where the § 1292(b) criteria are met, district courts retain "unfettered discretion to deny certification. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 516 B.R. 18, 25 (S.D.N.Y. 2014) (citing *Gulino v. Bd. of Educ.*, 234 F.Supp.2d 324, 325 (S.D.N.Y. 2002)).

## CONCLUSION

For the foregoing reasons, the Court DENIES Credit One's motion for leave to appeal this Court's Order denying its motion for leave to appeal the Bankruptcy Court Order. Accordingly, the Court respectfully directs the Clerk to terminate the motion at ECF No. 45.

Dated: August 5, 2016
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge