UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>ORINN S. ANDERSON,<br><br>           Debtor.<br><br>---<br><br>CREDIT ONE BANK, N.A.,<br><br>           Appellant,<br><br>-against-<br><br>ORINN S. ANDERSON, A/K/A ORINN ANDERSON, A/K/A ORINN SCOTT ANDERSON<br><br>           Appellee, on behalf of himself and all others similarly situated. | No. 15-cv-4227 (NSR)<br><br>OPINION & ORDER |

NELSON S. ROMÁN, United States District Judge

    In this matter, the United States Bankruptcy Court for the Southern District of New York (Drain, J.) denied Appellant Credit One's motion to compel arbitration against the Debtor-Appellee, Orinn S. Anderson. On June 14, 2014, this Court affirmed the Bankruptcy Court, also denying arbitration. Credit One now seeks to stay the bankruptcy proceedings below pending appeal of this Court's order to the Second Circuit. (ECF No. 54.) For the reasons set forth below, the motion to stay the bankruptcy proceedings is DENIED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/2/2016

## BACKGROUND[1]

On or before July 2011, Anderson incurred a credit card debt with Credit One. Anderson apparently defaulted on the account, and, on January 31, 2014, he filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 6, 2014, the Bankruptcy Court discharged Anderson's consumer debts, including the Credit One account. Anderson contacted Credit One on September 22, 2014 to inform it that his debt had been discharged and request that Credit One update his credit report. Anderson alleges that, notwithstanding his effort to inform Credit One of the discharge, Credit One refused to update his credit report, which continues to show his obligation to Credit One as "charged off," with no notation that the debt has been affected by bankruptcy.

On October 20, 2014, Anderson moved to reopen the bankruptcy proceeding. In an opinion dated December 12, 2014, the bankruptcy court granted the motion to "permit the Debtor to commence and pursue an adversary proceeding(s) against Credit One Bank with respect to alleged violations of the Debtor's discharge injunction." (J.A. 109, Rec. No. 7, ECF No. 22.) In response, Anderson filed a class action complaint against Credit One, alleging it had violated the discharge injunction found in 11 U.S.C. § 524.[2]

On March 3, 2015, Credit One filed a combined motion to dismiss, strike the class allegations, and compel arbitration. (J.A. 189, Rec. No. 14, ECF No. 22.) In a subsequent hearing, the Bankruptcy Court denied all of Credit One's motions, including its motion to compel arbitration, relying principally on the analysis in *In re Belton*, No. 12-23037 (RDD), 2014 WL 5819586 (Bankr. S.D.N.Y. Nov. 10, 2014), *rev'd*, No. 15 CV 1934 (VB), 2015 WL 6163083

---

[1] On September 16, 2015, Credit One submitted a joint appendix, which is referred to by both parties. (*See* ECF No. 22.) In following with the table of contents in Credit One's submission, this joint appendix will be referred to as "J.A. __, Rec. No. __, ECF No. 22."

[2] Section 524 of the Bankruptcy Code provides that a discharge in a bankruptcy operates as an injunction against efforts to collect a discharged debt. 11 U.S.C. § 524.

(S.D.N.Y. Oct. 14, 2015), *motion to certify appeal denied*, No. 15 CV 1934 (VB), 2016 WL 164620 (S.D.N.Y. Jan. 12, 2016). On June 2, 2015, Credit One then filed an interlocutory appeal to this Court pursuant to 9 U.S.C. § 16(a)(1) regarding the Bankruptcy Court's decision to deny arbitration. Credit One further moved for leave to appeal the Bankruptcy Court's order denying its motions to dismiss and strike class allegations. At the same time, Credit One moved in Bankruptcy Court for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007. After the Bankruptcy Court denied Credit One's motion for a stay pending appeal (J.A. 731, Rec. No. 26, ECF No. 22), Credit One requested the same stay from this Court. (ECF No. 22.)

On February 22, 2016, this Court denied Credit One leave to appeal the motions to dismiss and strike class allegations (ECF No. 30), and subsequently affirmed the Bankruptcy Court's decision to deny arbitration. (ECF No. 43.) As detailed in the Opinion dated June 14, 2016 (the "June Order"), this Court held that, when a "discharge is so fundamentally related to a debtor's fresh start," "the question of whether a discharge injunction has been violated is essential to proper functioning of the Bankruptcy Code, and arbitration is inadequate to protect such core, substantive rights granted by the Code." *Id*. at 13. Among other things, the June Order "weigh[ed] in favor of refusing to compel arbitration, as the Bankruptcy Court is uniquely situated to interpret its discharge order." *Id*. at 15. It further denied as moot Credit One's motion for a stay pending appeal as it had disposed of the arbitration appeal.

In response, Credit One filed an amended notice of appeal to the Second Circuit on July 26, 2016, and now moves for an order staying the bankruptcy proceedings pending that appeal. On September 9, 2016, Credit One filed a nearly identical motion to stay in the Second Circuit.

**STANDARD OF REVIEW**

Rule 8025 of the Federal Rules of Bankruptcy Procedure ("Rule 8025") permits district courts to stay their own orders pending appeal to the court of appeals. Fed. R. Bankr. P. 8025.

This stay does not extend beyond 30 days after the judgment is entered, unless the period is enlarged "for cause shown." Rule 8025(b)(2). Rule 8025 as amended, effective December 1, 2014, was derived from former Rule 8017. Except for subdivision (c), no new language was added to 8025 that, in the Court's view, alters the applicable standard of review.[3] The Court therefore relies on pre-2014 case law interpreting former Rule 8017.

Rule 8025 has been consistently held, in cases construing its predecessor, to follow the same standard used for staying actions of a lower court. *See In re New York, Skyline, Inc.*, 520 B.R. 1, 3-4 & n.4 (S.D.N.Y. 2014) (discussing rule 8017(b)); *see also Hirschfeld v. Bd. of Elections in City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993) (discussing Rule 8 of the Federal Rules of Appellate Procedure).[4] According to this standard, deciding whether to stay proceedings pending appeal lies within the sound discretion of the district court. *In re N.Y. Skyline, Inc.*, 520 B.R. 1, 5 (S.D.N.Y. 2014); *see also, In re DBSD N. Am., Inc.*, Nos. 09 Cv. 10156 (LAK), 09 Cv. 10372 (LAK), 09 Cv. 10373 (LAK), 2010 WL 1838630, at *1 (S.D.N.Y. May 7, 2010). In exercising this discretion, courts consider four factors:[5] (1) the likelihood that the party seeking the stay will prevail on the merits on appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay;

---

[3] Most of the changes to the former rule are stylistic. Subdivision (c) is new. It provides that if a district court or BAP affirms the bankruptcy court ruling and the appellate judgment is stayed, the bankruptcy court's order, judgment, or decree that is affirmed on appeal is automatically stayed to the same extent as the stay of the appellate judgment. FED. R. BANK. P. 8025 advisory committee's note to 2014 amendment.

[4] Courts within the Second Circuit apply the same standard used for stay of district court orders pending appeals to the circuit court under Federal Rule of Appellate Procedure 8(a)(1)(A) ("Rule 8A"), in large part because Bankruptcy Rule 8007 (formerly rule 8005) is directly adapted from Rule 8A. *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014).

[5] When considering the four factors, some courts in the Second Circuit adopt a balancing approach, i.e., the lack of one factor is not dispositive, where others hold that the failure to satisfy any one factor will result in denying the motion. *See In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (comparing *Mohammed v. Reno*, 309 F.3d 95,101 (2d Cir. 2002); *In re BGI, Inc.*, 504 B.R. 754, 762 (S.D.N.Y. 2014) (holding "[t]he lack of any one factor is not dispositive to the success of the motion….") with *In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009) (holding the party must show "satisfactory evidence on all four criteria.")). This Court, like the court in *Sabine Oil*, is not required to decide whether the balancing approach or the rigid rule is the correct application of the four factor test because, under either application, Credit One's motion is likely to fail. *See also In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346-47 (S.D.N.Y. 2007) (articulating the disagreement as to the standard, stating that "the Second Circuit has never articulated such a rigid rule of law," and determining to follow the practice of weighing factors).

(3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.  *See Hirschfeld*, 984 F.2d at 39 (quotation marks omitted).  *Accord Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Likelihood of success and irreparable injury are the most "critical" factors in this analysis, *Nken v. Holder*, 556 U.S. 418, 433-34 (2009), and the showing required under each bears an inversely proportional relationship to one another.  *See, e.g.*, *LG Elecs., Inc. v. Wi-LAN USA, Inc.*, No. 13 Cv. 2237 (RA), 2015 WL 4578537, at *1 (S.D.N.Y. July 29, 2015) (citing *Thapa v. Gonzales,* 460 F.3d 323, 334 (2d Cir. 2006)).  Where the likelihood of success on the merits is significant, less irreparable harm must be shown, and vice versa.  *Id.*  In no case, however, is it "enough that the chance of success be better than negligible," or that there be a mere "possibility of irreparable injury."  *Nken*, 556 U.S. at 434 (quotations omitted).  Indeed, at least one court has suggested that a motion for a stay pending appeal must raise "serious questions" where, as here, a district court is asked to review its own order.  *In re A2P SMS Antitrust Litig.*, No. 12 Cv. 2656 (AJN), 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014).

If a temporary stay is granted, it continues until final disposition of the appeal, but only if a notice of appeal is filed within this 30-day period.  Fed. R. Bankr. P. 8025(c).  A district court may condition the stay upon the posting of a bond or other security.  Fed. R. Bankr. P. 8025(b)(4).

## DISCUSSION

Before applying the four-factor test, there is a question regarding which Bankruptcy Rule applies when the order from which movant appeals affirmed the Bankruptcy Court.

### I.   Whether to Apply Rule 8025 or 8007

In affirming the Bankruptcy Court's orders, this Court left the bankruptcy proceedings in place and, under such circumstances, the Court has already determined that Credit One failed to succeed on the merits.  Asking the district court to then find that, under the first prong, Credit One

5

is likely to succeed on the merits on appeal under Rule 8025 would require the district court to find that its own order is likely to be reversed. This is a standard that is rarely going to be satisfied. *In re A2P SMS Antitrust Litig.*, No. 12 Cv. 2656 (AJN), 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014). The Bankruptcy Court, which may have pertinent, first-hand information regarding prongs two (2), three (3), and four (4) of the test outlined above, has not yet been requested to weigh in. Moreover, two district court judges have reached opposite conclusions on similar facts between the June Order and when this order was filed, which may arguably weigh in favor of the current appellate court being in the better position to decide whether to stay the bankruptcy proceedings. Thus, applying Rule 8007 may be more appropriate.

In the instant action, Credit One did in fact move to stay under Rule 8007, and "[i]n the event this Court determines that Bankruptcy Rule 8007 is inapplicable … Credit One move[d] in the alternative under Federal Rule of Bankruptcy Procedure 8025 …." (Mem. in Supp. of Mot. for Stay Pending Appeal ("Credit One Support") at 6, ECF No. 55.) While Rules 8007 and 8025 require the same standard of review in this circuit, Rule 8007 holds a notable procedural difference: the applicant must *first* move for the stay in bankruptcy court. Fed. R. Bankr. P. 8007(a)(1)(A) and (a)(1)(D). "If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter." *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014) (citing *In re Taub*, 470 B.R. 273, 276 (E.D.N.Y. 2012)). Therefore, district courts routinely dismiss motions for a stay pending appeal when relief is not first requested from the bankruptcy judge and the failure to do so is not adequately explained. *See, e.g.*, *In re Alexander*, 248 B.R. 478, 484 (S.D.N.Y. 2000) ("District courts and bankruptcy appellate panels have regularly dismissed appeals for unexplained failure to apply first to the bankruptcy court.").

Credit One has not yet demonstrated that it has moved for stay in Bankruptcy Court and, on this ground alone, the Court would find that Credit One is not entitled to a stay under 8007.

Review of the underlying docket suggests a potential explanation for why Credit One is bypassing the Bankruptcy Court: Credit One has engaged in significant misconduct with respect to the discovery process in this action.  *See In re Anderson*, Adv. Proc. No. 15-08214 (RDD), Dkt. No. 89 ("Sept. 22, 2016 Hearing Tr.") at 53:3-55:3; *see also id.* at 55:6-64:18.  At the conclusion of a hearing before the bankruptcy court on September 22, 2016, Judge Drain stated that he would issue a ruling either drawing an adverse inference against Credit One or issuing a default judgment against Credit One.  *Id.* at 102:15-17.  That said, while the Bankruptcy Rules governing stays seem to promote and, more importantly, condone something akin to forum shopping, they still empower this Court to decide Credit One's motion.

Considering that the Bankruptcy Court has not been able to consider the application, and that the Second Circuit may take a different view of the Bankruptcy Rules governing stays, the Court will now address the merits of Credit One's motion to stay, addressing each factor in turn.

## II.     Applying the Four Factor Test for Stay Pending Appeal

As the moving party, Credit One bears the burden to show that it is entitled to a stay. *See, e.g.*, *Nken*, 556 U.S. at 433–34 (stating that "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this] discretion.").

### 1)  *Likelihood of Success on the Merits*

"The 'substantial possibility of success' test is considered an intermediate level between 'possible' and 'probable' and is 'intended to eliminate frivolous appeals.'"  *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (citing to *Country Squire*, 203 B.R. 182, 184 (Cir. B.A.P. 1996)).   Credit One has failed to demonstrate a substantial possibility of success on its appeal of the June Order.

As Anderson points out, Credit One does not challenge the premise that where the discharge is so fundamentally related to a debtor's fresh start, arbitration is impermissible. (Mem.

7

in Opp'n to Def.'s Mot. ("Anderson Opp'n") at 8, ECF No. 58.)  In showing there is a substantial possibility it will succeed on appeal, Credit One merely argues that certain of its denied claims are colorable because two judges of this court have reached opposite conclusions on similar facts.

With respect to the June Order, the Court acknowledges that there is more than a trivial possibility that some portion of its order may be reversed or modified on appeal.  The Court declines to restate its conclusions here, (*See* ECF No. 43), choosing instead to observe that reasonable judicial minds could disagree on certain unsettled issues of law.[6]

Even after considering this more than trivial possibility, the Court still does not find that Credit One establishes a "substantial possibility" rather than a mere "likelihood" of success on the merits of its appeal.  The presence of a contradictory legal framework and the existence of some possibility of success on appeal alone carry insufficient weight to provide a basis for granting a stay pending appeal here, especially where (1) the Court finds no new grounds for abandoning its reasoning in the June Order and when (2) the other three factors of inquiry compel denying the stay.  Thus, the Court weighs this factor against granting a stay.

### 2)  Irreparable Harm

A showing of probable irreparable harm is the "principal prerequisite" for issuing a stay under Rule 8007 and 8025, and such harm "must be 'neither remote nor speculative, but actual and imminent.'"  *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016) (citing *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (citations omitted)).  The

---

[6] On this point, the Court notes that it disagrees with *In re Belton*, No. 15 CV 1934 (VB), 2015 WL 6163083, at *7 (S.D.N.Y. Oct. 14, 2015), *motion to certify appeal denied*, No. 15 CV 1934 (VB), 2016 WL 164620 (S.D.N.Y. Jan. 12, 2016) (hereinafter, *Belton II*). In *Belton II*, the court held that "*Hill* stands for the more modest proposition that claims alleging violations of the Bankruptcy Code should not be arbitrated if those claims are 'integral to [the] bankruptcy court's ability to preserve and equitably distribute assets of the estate' or if arbitration would 'substantially interfere with [the debtor's] efforts to reorganize.'" *Id.* (citing *Hill*, 436 F.3d at 110 (internal quotation marks omitted)).  For the reasons discussed in the June Order, this Court respectfully disagrees with this conclusion.

probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury that the plaintiff will suffer absent the stay; simply stated, "more of one excuses less of the other." *473 West End Realty Corp.*, 507 B.R. at 502 (citing *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quotations omitted)).

As noted above, Credit One filed an amended notice of appeal to the Second Circuit on July 26, 2016. On August 10, 2016, Credit One requested a deadline of October 26, 2016, for the filing of its brief with the Second Circuit. Local Rule 31.2 of the Second Circuit allows an appellant to request a deadline to file its brief any time *within* 91 days after the appeal's "ready date." Despite being appeal ready as of July 27, 2016, Credit One requested to file its brief *exactly* 91 days after the ready date.

We agree with Anderson that Credit One's request belies its argument that it is entitled to a stay pending appeal because it is suffering "continuing irreparable harm" as a result of the fact that "litigation continues in the bankruptcy court unabated." (Credit One Support at 11, ECF No. 55.) "Rather than seeking to expedite its appeal, Credit One has sought to brief it on the slowest schedule available under Local Rule 31.2." (ECF No. 59.) This request signals that the probability of harm to Credit One is not imminent, that is, near or impending, and is merely possible.

Credit One also argues that "discovery in bankruptcy court in this case has already proven burdensome, costly, and disputatious." (Credit One Support at 13, ECF No. 55.) But as Anderson persuasively countered, the discovery is primarily focused on Credit One's policies and procedures with respect to handling of discharged debts, which will be necessary whether Anderson's claim is litigated as part of a class in bankruptcy court or arbitrated individually. (Anderson Opp'n at 12, ECF No. 58.) The mere fact that discovery would continue pending a Second Circuit ruling is not sufficient to show that Credit One would be irreparably harmed if the stay is denied. *See, e.g.*, *Manigault v. Macy's E., LLC*, No. 06 Cv. 3337 (FB), 2008 WL 238566, at *1 (E.D.N.Y. Jan. 28,

2008) (finding no irreparable harm to the defendant in the absence of a stay because, *inter alia*, "whether this matter ultimately progresses before this Court or in an arbitral forum, information adduced through discovery will be useful to the litigants."); *United States v. Stein*, 452 F. Supp. 2d 281, 283 (S.D.N.Y. 2006) (participating in discovery did not amount to irreparable harm because "any depositions or other discovery taken here during the pendency of the appeal could be used in any arbitrations that eventually might take place.").

Even if the risk of continued litigation were sufficient to satisfy the requirement of some showing of irreparable injury, the Court additionally finds that any threat of harm here is insignificant when weighed against the injury that Anderson and putative class members would suffer if the stay sought by Credit One were granted.

### 3) Potential Harm to Other Parties

Credit One, as the movant seeking a stay, must establish that Anderson and other parties will not suffer substantial harm if the stay is granted. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *In re Sabine*, 548 B.R. at 682 (citing *Adelphia*, 361 B.R. at 349) (citations omitted).

Credit One "disputes that its credit reporting has or will cause any harm to Anderson *whatsoever* …." (Credit One Support at 1, ECF No. 55) (emphasis added). But bankruptcy courts have held that such inaccurate reporting does harm consumers. *See, e.g., In re* Torres, 367 B.R. 478, 487 (Bankr. S.D.N.Y. 2007) (stating that a credit report that continues to show a discharged debt as "outstanding," "charged off," or "past due" is "unquestionably inaccurate and misleading, because end users will construe it to mean that the lender still has the ability to enforce the debt personally against the debtor…."). "A credit report entry that reflects a past due account is treated differently by prospective creditors in evaluating credit applications than an entry that reflects a debt that has been discharged in bankruptcy." *Id.* at 488 (citing *In re Helmes*, 336 B.R. 105, 107)

(Bankr. E.D. Va. 2005). Credit One neglects to address this reality, despite acknowledging through counsel that a credit report stating that an account that has a zero balance and was "charged off" is not legally the same as a "bankruptcy discharge." (Anderson Opp'n at 16, ECF No. 58); (May 5 Hearing Tr. at 74-79, Apx. 404-409). Specifically, Credit One's counsel stated, "[t]o answer your question point blank, the designation on a credit report of charge–off does not signify that the bank has a bar, a legal bar to trying to collect the debt in the future." *Id.* at 72, Apx. 402. Thus, Anderson submits, and the Court agrees, that there would be substantial harm to Anderson and all those in the putative class if a stay were granted.[7] Thus, the Court also weighs this factor against granting a stay.

### 4) Public Interests

Finally, the Court considers the public interest. Credit One argues that the public interest "weighs heavily" in favor of a stay for two reasons, neither of which is persuasive. (Credit One Support at 15, ECF No. 55.) First, no judicial resources will be saved with a stay. *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary.") (citing *Payne v. Jumeirah Hosp. & Leisure (USA) Inc.*, 808 F.Supp.2d 604, 604 (S.D.N.Y. 2011)) (citations omitted). As noted above, the discovery as scheduled will be necessary whether Anderson's claim is litigated as part of a class in bankruptcy court or arbitrated individually. Second, although there is a strong federal policy favoring arbitration, there is also a strong policy in protecting a debtor's fresh start after their bankruptcy

---

[7] Credit One has not cited any authority for the proposition that the Court should not consider the interests of the putative class in determining whether to grant or deny a stay pending appeal nor have they responded to the cases supporting the proposition that the Court may consider such harm.

proceedings are resolved. The public interest thus also weighs against issuing a stay and halting the bankruptcy proceedings.

* * *

Therefore, this Court finds that none of the four factors weigh in favor of Credit One's request for a stay.

## CONCLUSION

For the foregoing reasons, Credit One has not made the showings required to obtain a stay pending appeal of this Court's July Order. Accordingly, Credit One's motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 54.

Dated: November 2, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge